**Armando Ramirez URIBE; Maria Elena Soto Tirador,**
**Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70358.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 22, 2008.

Armando Ramirez Uribe, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mona Maria Yousif, U.S. Department of Justice Civil Div./Office of Immigration Lit., Sarah L. Weyler, Esq., U.S. Department of Justice Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Armando Ramirez Uribe and Maria Elena Soto Tirador, married natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We grant in part and deny in part the petition for review and remand.

An intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores,* we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accepts them. *See* 439 F.3d at 619; *see also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005). There is no indication in the record that petitioners were informed of the terms of their departure or that they accepted them voluntarily and knowingly.

We therefore grant the petition for review in part and remand for further proceedings.

Petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States'") (citation omitted). Petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Ashcroft*, 293 F.3d 1161, 1165 (9th Cir. 2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

Petitioners' remaining contentions are unsupported by the record.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.